**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMETRIO FELIX ZARATE, | No. 07-71713 |
| Petitioner, | Agency No. A073-717-843 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Affairs

Submitted March 18, 2011[**]
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Demetrio Felix Zarate petitions for review of the decision of the Board of

Immigration Appeals ("BIA"), denying him asylum, withholding of removal and

protection under the Convention Against Torture.   We deny the petition for

review.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA's decision must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). The BIA's ruling may be reversed only if the evidence presented by petitioner not only supports the opposite conclusion, but compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Zarate's service in the Guatemalan civil patrol at the time that he was recruited and attacked by guerrillas does not compel the conclusion that he was persecuted on the basis of a political opinion. *Id*. at 481-82 (forced recruitment by a political faction is not sufficient to show an imputed political opinion); *Arriaga-Barreinetos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (mandatory service in the Guatemalan civil patrol is not sufficient to show an imputed political opinion).

An imputed political opinion must be proven through facts in evidence that show the persecutor's motives. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) ("The petitioner must prove something more than violence plus a disparity of views"). Zarate testified that the guerrillas told him to quit the civil patrol in order to join them and attacked him when he refused. They also communicated to Zarate that the civil patrol was "not good." However, Zarate needed to prove that he was persecuted on the basis of a political opinion held by or imputed to *him*, and not merely due to the persecutor's political views or agenda. *Elias-Zacarias*, 502

2

U.S. at 481-82 & 489. He failed to do so. This case is distinguishable from *Lopez v. Ashcroft*, 366 F.3d 799 (9th Cir. 2004), where there was evidence that the petitioner suffered persecution separate from efforts by guerrillas to recruit him, which led to a conclusion that the assaults were "punishment for his pro-establishment political opinions." *Id*. at 804. Zarate testified that he was not a member of any political group and did not establish that the attacks on him were caused by anything other than his resistence to forced recruitment.

Zarate also failed to provide compelling evidence that he would more likely than not be tortured by or with the acquiescence of the Guatemalan government if he returned to Guatemala. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (holding that to qualify for protection under the Convention Against Torture, an alien must show that he will more likely than not be tortured in his home country if removed).

**PETITION DENIED.**