**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMETRIO FELIX ZARATE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73834

Agency No. A073-717-843

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020**

Before:  SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Demetrio Felix Zarate, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his second

motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen and review de novo

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determinations of purely legal questions and claims of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

The BIA denied Zarate's motion for permissible reasons, including that he failed to establish a prima facie case for the relief he sought and that he failed to establish that he qualified for the exception to the filing deadline for motions to reopen by introducing previously unavailable, material evidence. 8 U.S.C. § 1229a(c)(7)(A), (C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *see also Zarate v. Holder*, 424 F. App'x 675, 676 (9th Cir. 2011) (denying Zarate's first petition for review); *Zarate v. Holder*, 575 F. App'x 773 (9th Cir. 2014) (denying his second). For example, as the BIA noted, Zarate did not introduce evidence persuasively showing "that the death of his cousin was in any way related to [Zarate], or that the death was, in fact, a murder."

As for Zarate's other contentions, the BIA did not err in finding that he did not establish a prima facie case of membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" did not constitute a particular social group). The

record does not support Zarate's contention that the BIA failed to consider the evidence and arguments he presented.

**PETITION FOR REVIEW DENIED.**